BENJAMIN B. WAGNER
United States Attorney
LYNN TRINKA ERNCE
JASON EHRLINSPIEL
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Defendant/Third-Party Plaintiff
UNITED STATES OF AMERICA



FILED

MAR 08 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT CALIFORNIA
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ESCOTO,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 1:07-cv-00472 OWW DLB<br><br>**STIPULATION FOR COMPROMISE SETTLEMENT AND DISMISSAL AND ORDER THEREON** |
| UNITED STATES OF AMERICA,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>PEACHWOOD MEDICAL GROUP CLOVIS, INC.; DENNIS A. NAKATA, M.D.; DENIS J. HENTRICH, P.A.,<br><br>Third-Party Defendants. | |

It is hereby stipulated by and between plaintiff Carlos Escoto, ("Plaintiff"), defendant/third-party plaintiff the United States of America ("United States"), and third-party defendants Peachwood Medical Group Clovis, Inc., Dennis A. Nakata, M.D., and Denis J. Hentrich, P.A. (collectively, the ("Peachwood third-party defendants" and, together with the United States, the "defendants") as follows:

///

SETTLEMENT STIPULATION; ORDER                    I

1.     Plaintiff hereby agrees to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action, including but not limited to any and all claims arising out of any medical treatment Plaintiff has received to date from VA Central California Health Care System ("VACCHCS") or other United States medical facility under the terms and conditions set forth in this Stipulation.

2.     The parties have agreed to settle this matter for a total sum of $111,500 as follows: The United States agrees to pay the sum of Seventy Five Thousand Dollars ($75,000) to Plaintiff, and the Peachwood third-party defendants agree to pay the sum of Thirty-Six Thousand Five Hundred Dollars ($36,500) to Plaintiff, which sums shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this action, including any future claims for wrongful death, including but not limited to any and all claims arising out of any medical treatment Plaintiff has received to date from VACCHCS or other United States medical facility, which Plaintiff or his guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States, its agents, servants, and employees.

3.     Plaintiff and his guardians, heirs, executors, administrators or assigns hereby agree to accept the $111,500 in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen bodily and personal injuries, death, or damage to property and the consequences thereof, including but not limited to any and all claims arising out of any medical treatment Plaintiff has received to date from VACCHCS or other United States medical facility, which they may have or hereafter acquire against the United States, its agents, servants, and employees on account of the subject matter that gave rise to this action from VACCHCS or other United States medical facility, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and his guardians, heirs, executors, administrators, or assigns further agree to reimburse, indemnify and hold harmless the United States and its agents, servants and employees from and against

SETTLEMENT STIPULATION; ORDER                    2

any and all causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims arising from the subject matter of this action, including claims arising out of any medical treatment Plaintiff has received to date from VACCHCS or other United States medical facility.

4.     Plaintiff expressly waives any rights or benefits available pursuant to Section 1542 of the Civil Code of the State of California, which provides as follows:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The parties understand and agree that this Stipulation shall act as a release of future claims that may arise from any medical treatment which Plaintiff has received to date from VACCHCS or other United States medical facility, whether such claims are currently known, unknown, foreseen or unforeseen. The parties understand and acknowledge the significance and consequences of the specific waiver of section 1542 and hereby assume full responsibility for any injury, loss, damage or liability that may be incurred hereafter by reason of or related to the subject matter that gave rise to this action.

5.     This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, the Peachwood third-party defendants, or their agents, servants, or employees, and it is specifically denied that they are liable to Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

6.     In return for the settlement herein, each of the third-party defendants agrees to the dismissal with prejudice of the United States' third-party complaint, and each third-party defendant, for itself and on behalf of its insurance carriers (if any), releases and waives all claims for contribution, defense or indemnity, express, implied or equitable, against all other defendants, or their insurance carriers (if any), as a result of plaintiff's claims herein.

///

///

///

1    7.    The parties agree that they will each bear their own costs, fees, and expenses; that any
2  attorney's fees owed by Plaintiff shall not exceed 25% of the settlement amount (28 U.S.C. § 2678) and
3  will be paid out of the settlement amount and not in addition thereto; and that all outstanding or future
4  bills and liens will be the sole responsibility of Plaintiff.

5    8.    Payment of the settlement amount from the United States will be made by Electronic
6  Funds Transfer to Plaintiff through an account to be specified by Plaintiff's counsel.

7    9.    Payment by the Peachwood third-party defendants will be made on drafts issued to the
8  plaintiff and his attorney David J. St. Louis and delivered to Mr. St. Louis.

9    10.    The parties agree to execute and deliver such other and further documents as may be
10  required to carry out the terms of this Stipulation.

11    11.    Each person signing this Stipulation warrants and represents that he or she possesses full
12  authority to bind the person[s] on whose behalf he or she is signing to the terms of the Stipulation.

13    12.    Each person signing this Stipulation warrants and represents that no promises,
14  inducements, or other agreements not expressly contained herein have been made; that this Stipulation
15  contains the entire agreement between the parties; and that the terms of this Stipulation are contractual
16  and not mere recitals. This Stipulation may not be altered, amended, modified, or otherwise changed in
17  any respect, except by a writing duly executed by the party to be charged. All prior oral understandings,
18  agreements, and writings are superseded by this Stipulation and are of no force or effect.

19    13.    Each person executing this Stipulation represents that he or she has read and understands
20  its contents; that he or she executes this Stipulation voluntarily; that he or she has not been influenced
21  by any person acting on behalf of any party.

22    14.    Upon approval by the Court as provided below, the above-captioned action is hereby
23  DISMISSED WITH PREJUDICE in its entirety and the Clerk of the Court is requested to enter this
24  dismissal and release in the official docket and to close the case.

25  ///
26  ///
27  ///
28  ///

SETTLEMENT STIPULATION; ORDER                4

1    15.    Notwithstanding the entry of a dismissal herein, the parties agree that that the Honorable

2    Oliver W. Wanger shall retain jurisdiction to enforce the terms of this compromise settlement.

3                                                    Respectfully submitted,

4    DATED: January 29, 2010                         BENJAMIN B. WAGNER
                                                     United States Attorney
5
                                           By:    /s/ Lynn Trinka Ernce
6                                                 LYNN TRINKA ERNCE
                                                  JASON EHRLINSPIEL
7                                                 Assistant United States Attorneys

8

9    DATED: January 29, 2010                         McCORMICK, BARSTOW, SHEPPARD,
                                                     WAYTE & CARRUTH, LLP
10

11                                         By:    /s/ Lawrence E. Wayte
                                                  LAWRENCE EDWIN WAYTE
12                                                Attorneys for Third-Party Defendants
                                                  PEACHWOOD MEDICAL GROUP CLOVIS,
13                                                INC; DENNIS A. NAKATA, M.D.; and
                                                  DENIS J. HENTRICH, P.A.
14

15   DATED: January 31, 2010                         LAW OFFICES OF DAVID J. ST. LOUIS, INC.

16
                                           By:    /s/ David J. St. Louis
17                                                DAVID J. ST. LOUIS
                                                  Attorneys for Plaintiff
18

19   DATED: January 31, 2010               By:    /s/ Carlos Escoto
                                                  CARLOS ESCOTO
20                                                Plaintiff

21

22                                         **ORDER**

23   **IT IS SO ORDERED.**

24

25   DATED: _____, 2010

26                                                OLIVER W. WANGER
                                                  SENIOR UNITED STATES DISTRICT JUDGE
27

28